UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Criminal No. 24-cr-338 (PAM/DLM)

UNITED STATES OF AMERICA,

Plaintiff,

v.

WILLIAM MONROE LENOIR,

Defendant.

**PLEA AGREEMENT AND
SENTENCING
STIPULATIONS**

The United States of America and the defendant, William Monroe Lenoir, agree to resolve this case on the terms and conditions that follow. This plea agreement binds only the defendant and the United States Attorney's Office for the District of Minnesota (hereinafter "the United States" or "the government"). This agreement does not bind any other United States Attorney's Office or any other federal or state agency.

1.     **Charges**. The defendant agrees to plead guilty to Count 1 of the Information, which charges the defendant with Brandishing a Firearm During and in Relation to a Crime of Violence. The defendant fully understands the nature and elements of the crime with which he has been charged.

Upon imposition of sentence, if there are remaining counts, the government agrees to move to dismiss those remaining charges against the defendant contained in the Indictment.



SCANNED
FEB 1 9 2026
U.S. DISTRICT COURT ST. PAUL

2.    **Factual Basis**. The defendant is pleading guilty because he is in fact guilty of Count 1 of the Information. In pleading guilty, the defendant admits the following facts and that those facts establish his guilt beyond a reasonable doubt and constitute relevant conduct pursuant to the United States Sentencing Guidelines:

On December 3, 2023, at about 7:20 p.m., the defendant approached a man ("Victim 1") as Victim 1 unloaded groceries in front of his apartment in Minneapolis, Minnesota. Victim 1 was with his eight-year-old son. The defendant demanded Victim 1's wallet. At the time, the defendant knowingly possessed a firearm. An altercation took place between the defendant and Victim 1. During the altercation, the defendant knowingly brandished a firearm.

Around the time of the events described above, Victim 1 suffered a gunshot wound. The defendant denies that he shot Victim 1, but understands at sentencing the government will argue the following: the defendant shot Victim 1; responding police officers placed a tourniquet on Victim 1's leg to control massive blood loss from the gunshot wound; Victim 1 went in and out of consciousness as medics responded to the scene; Victim 1 required major surgery and other procedures that lasted approximately ten hours and was cared for in the intensive care unit of the Hennepin County Medical Center;

2

and, according to medical professionals at the hospital, Victim 1's wound was life threatening.

The defendant admits and agrees that he knowingly carried and brandished the firearm described above while committing, and during and in relation to, a crime of violence for which he may be prosecuted in a court of the United States, that is, the carjacking of Victim 1's 2012 Chevrolet Sonic, as alleged in Count 1 of the Indictment.

The defendant further agrees that he acted voluntarily, and that he knew the wrongfulness of his actions.

3.    **Waiver of Pretrial Motions**.  The defendant understands and agrees that the defendant has certain rights to file pre-trial motions.  As part of this plea agreement, and based upon the concessions of the United States within this plea agreement, the defendant knowingly, willingly, and voluntarily gives up the right to have any pending motions resolved and to file any additional pre-trial motions in this case.  The defendant agrees that, by pleading guilty, he is withdrawing any motions previously filed.

4.    **Waiver of Constitutional Trial Rights.**    The defendant understands that he has the right to go to trial.  At trial, the defendant would be presumed innocent, have the right to trial by jury or, with the consent of the United States and of the Court, to trial by the Court, the right to the assistance of counsel, the right to confront and cross-examine adverse witnesses, the right

to subpoena witnesses to testify for the defense, the right to testify and present evidence, and the right to be protected from compelled self-incrimination. The defendant understands that he has the right to an attorney at every stage of these proceedings and, if necessary, one will be appointed to represent him. The defendant understands that he has the right to persist in a plea of not guilty and, if he does so, he would have the right to a public and speedy trial. By pleading guilty, the defendant knowingly, willingly, and voluntarily waives each of these trial rights, except the right to counsel. The defendant understands that a guilty plea is a complete and final admission of guilt and, if the Court accepts the guilty plea, the Court will adjudge the defendant guilty without a trial.

5.      **Additional Consequences**. The defendant understands that as a result of this conviction, the defendant could experience additional collateral consequences, such as the loss of the right to carry firearms, the right to vote, and the right to hold public office. If the defendant is not a United States citizen, as a result of a plea of guilty, the defendant may be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant has discussed with his attorney the punishments and consequences of pleading guilty, understands that not all of the consequences can be predicted or foreseen, and still wants to plead guilty in this case.

4

6.    **Statutory Penalties**.  The defendant understands that Count 1 of the Information, charging Carrying and Brandishing a Firearm During and in Relation to a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii), is a felony offense that carries the following statutory penalties:

    a.    a mandatory minimum of 7 years imprisonment;

    b.    a maximum term of life in prison;

    c.    a supervised release term of up to five years;

    d.    a maximum fine of $250,000;

    e.    restitution to victims as agreed to by the parties in this agreement and any mandatory restitution as provided for in this agreement; and

    f.    a mandatory special assessment of $100 under 18 U.S.C. § 3013(a)(2)(A).

7.    **Guidelines Calculations**.  The parties acknowledge that the defendant will be sentenced in accordance with 18 U.S.C. § 3551, *et seq.* Nothing in this plea agreement should be construed to limit the parties from presenting any and all relevant evidence to the Court at sentencing.  The parties also acknowledge that the Court will consider the United States Sentencing Guidelines in determining the appropriate sentence.  The parties stipulate to the following guidelines calculations:

    a.    Guidelines Sentence. The parties agree that the Sentencing Guidelines do not specify a base offense level or specific offense characteristics for Count 1 of the Information, but rather provide that the Guidelines sentence shall be the

minimum term of imprisonment required by statute. Accordingly, the parties agree that the guidelines sentence is the minimum term of imprisonment required by statute, or **84 months**. U.S.S.G. § 2K2.4(b)

b.   Criminal History Category. The parties believe that, at the time of sentencing, the defendant will fall into Criminal History Category II. U.S.S.G. § 4A1.1.   This does not constitute a stipulation, but a belief based on an assessment of the information currently known.  The defendant's actual criminal history and related status will be determined by the Court based on the information presented in the Presentence Report and by the parties at the time of sentencing.  The defendant understands that if the presentence investigation reveals any prior adult or juvenile sentence which should be included within his criminal history under the U.S. Sentencing Guidelines, the defendant will be sentenced based on his true criminal history category, and he will not be permitted to withdraw from this Plea Agreement. U.S.S.G. § 4A1.1.

c.   Fine Range. A fine is authorized, but the Sentencing Commission has not established a fine guideline range for instances of a standalone conviction under 18 U.S.C. § 924(c).  U.S.S.G. § 2K2.4 n. 7.

d.   Supervised Release. The Sentencing Guidelines no longer include a guidelines range for supervised release, but rather direct the Court to conduct an individualized assessment based on various factors. U.S.S.G. § 5D1.2(1).

8.   **Revocation of Supervised Release**. The defendant understands that if the defendant were to violate any supervised release condition while on supervised release, the Court could revoke the defendant's supervised release, and the defendant could be sentenced to an additional term of imprisonment up to the statutory maximum set forth in 18 U.S.C. §

6

3583(e)(3). *See* U.S.S.G. §§ 7B1.4, 7B1.5. The defendant also understands that as part of any revocation, the Court may include a requirement that the defendant be placed on an additional term of supervised release after imprisonment, as set forth in 18 U.S.C. § 3583(h).

9.     **Discretion of the Court**. The foregoing stipulations are binding on the parties, but do not bind the Court.  The parties understand that the Sentencing Guidelines are advisory and that their application is a matter that falls solely within the Court's discretion.   The Court will make its own determination regarding the applicable Guidelines factors and the applicable criminal history category.  The Court may also vary and/or depart from the applicable Guidelines range.  If the Court determines that the applicable guideline calculations or the defendant's criminal history category is different from that stated above, the parties may not withdraw from this agreement, and the defendant will be sentenced pursuant to the Court's determinations.

10.     **Agreements as to Sentencing Recommendation**. The parties are free to recommend whatever sentence they deem appropriate, with the exception that the government agrees it will not seek a sentence more than 84 months imprisonment. The parties otherwise reserve the right to make motions for departures under the Sentencing Guidelines or for variances pursuant to 18 U.S.C. § 3553(a) and to oppose any such motions made by the opposing party. If the Court does not accept the sentencing recommendation of

the parties, the defendant will have no right to withdraw his guilty plea. The defendant agrees that it any event he is subject to a mandatory minimum term of imprisonment of 84 months.

11.   **Special Assessments**. The Guidelines require payment of a special assessment in the amount of $100 for each felony count of which the defendant is convicted, pursuant to U.S.S.G. § 5E1.3. The defendant agrees to pay the special assessment.

**Restitution Agreement**.  The defendant acknowledges that although the government has not received a request for restitution at this time, the defendant is required to pay mandatory restitution to victims in an amount to be determined by the Court at sentencing, if such a request is received. He agrees to pay the amount to the victims as determined at sentencing. The defendant understands and agrees that the Mandatory Victims Restitution Act, 18 U.S.C. § 3663A, applies and that the Court is required to order the defendant to make restitution to the victims of the defendant's crime.  The defendant agrees that restitution is owed and agrees that the Court shall order the defendant to pay restitution in the amount determined at sentencing to Victim 1.

The defendant understands that the Court may order additional restitution if additional victim losses are identified at the time of sentencing. The defendant agrees that restitution shall be due and payable immediately

8

after the judgment is entered and is subject to immediate enforcement, in full, by the United States. If the Court imposes a schedule of payments, the defendant agrees that the schedule of payments is a schedule of the minimum payment due, and that the payment schedule does not prohibit or limit the methods by which the United States may immediately enforce the judgment in full.

**Forfeiture.** The defendant agrees to forfeit to the United States, pursuant to 18 U.S.C. § 924(d)(1), and 28 U.S.C. § 2461(c), his rights and interests in any firearm with accessories and any ammunition involved in the defendant's violation of 18 U.S.C. § 2119(2), including specifically but not limited to, .40 caliber ammunition and discharged cartridge casings seized by law enforcement on or about December 3, 2023.

The defendant agrees that the United States may, at its option, forfeit such property through civil, criminal or administrative proceedings, waives any deadline or statute of limitations for the initiation of any such proceedings, and abandons any interest he may have in the property. The defendant waives all statutory and constitutional defenses to the forfeiture and consents to the destruction of the firearms and ammunition.

**Waivers of Appeal and Collateral Attack**. The defendant hereby waives the right to appeal any non-jurisdictional issues. This appeal waiver includes but is not limited to the defendant's waiver of the right to appeal guilt

9

or innocence, any issues relating to the change-of-plea proceedings, the sentence imposed, the Guidelines calculations, any restitution obligations, and the constitutionality of the statutes to which the defendant is pleading guilty.

The defendant also waives the right to collaterally attack his conviction and sentence under 28 U.S.C. § 2255 except based upon a claim of ineffective assistance of counsel. Further, this collateral-review waiver does not operate to waive a collateral challenge under 28 U.S.C. § 2255 based on new legal principles enunciated in Supreme Court case law decided after the date of this Plea Agreement that are both substantive and have retroactive effect. For purposes of this provision, legal principles that are substantive and retroactive are those that narrow the reach of the offense of conviction and render the defendant's conduct non-criminal or that render the sentence imposed illegal.

The defendant has discussed these rights with the defendant's attorney. The defendant understands the rights being waived, and the defendant waives these rights knowingly, intelligently, and voluntarily.

The United States agrees to waive its right to appeal the sentence.

12.   **FOIA Requests**. The defendant waives all rights to obtain, directly or through others, information about the investigation and prosecution of this case under the Freedom of Information Act and the Privacy Act of 1974, 5 U.S.C. §§ 552, 552A.

10

13.    **Complete Agreement**. This, along with any agreement signed by the parties before entry of plea, is the entire agreement and understanding between the United States and the defendant. By signing this plea agreement, the defendant acknowledges: (a) that the defendant has read the entire agreement and has reviewed every part of it with the defendant's counsel; (b) that the defendant fully understands this plea agreement; (c) that no promises, agreements, understandings, or conditions have been made or entered into in connection with his decision to plead guilty, except those set forth in this plea agreement; (d) that the defendant is satisfied with the legal services and representation provided by defense counsel in connection with this plea agreement and matters related to it; (e) that the defendant has entered into this plea agreement freely, voluntarily, and knowingly; and (f) that the

11

defendant's decision to plead guilty in accord with the terms and conditions of this plea agreement is made of the defendant's own free will.

DANIEL N. ROSEN
United States Attorney

Date: 2/18/2026

BY:   DAVID B. GREEN
DAVID M. CLASSEN
Assistant United States Attorneys

Date: 2.18.26

WILLIAM MONROE LENOIR
Defendant

Date: 2-18-26

PETER B. WOLD
Counsel for Defendant

12